THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ADAM LÓPEZ RAMOS, Defendant and Appellant.

No. CR-67-213.     Decided November 29, 1968.

*Rafael L. Ydrach Yordán* for appellant. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by a jury of the offenses of Assault to Commit Homicide and Violation of § 8 of the Weapons Law. Suspended sentences of two to four years in the penitentiary were pronounced against him in each one of the cases.

He asks us to reverse the judgments and assigns as errors (1) that the evidence for the prosecution, since it is contradictory in itself, is insufficient to convict, (2) that said evidence does not defeat the reasonable doubt nor the presumption of innocence, (3) that the evidence for the prosecution

is insufficient in the offense of carrying weapons because it was not established that the defendant carried the weapon on a public thoroughfare, (4) that the court committed error in refusing to admit evidence offered by the defendant and in admitting evidence over his objections, and (5) that the court erred in the summary of the evidence and in its instructions to the jury.

The first two errors, jointly discussed by appellant, were not committed.

He argues that discrepancies and inconsistencies exist in the testimonies of the eyewitnesses presented by the prosecuting attorney. It is true, in effect, but such testimonies, as to the essential facts, establish beyond any doubt defendant-appellant's guilt. Those essential facts are to the effect that at about eight o'clock in the evening of November 27, 1966, Adelio Méndez Hernández, when he was going to park his automobile near the front of appellant's flower shop, located in Barbosa Avenue in Hato Rey, collided with a garbage can, overturning it; that there was a discussion about the garbage can between the defendant and Adelio, according to some witnesses, or about a request made by Adelio to the defendant to let him park his vehicle in that place, according to another witness; that the defendant went into his shop where he resides also and came out with a revolver with which he fired 4 or 5 shots at Adelio when he had his back turned and was trying to open the trunk of his car, when the first shot was heard; that with two of those shots the defendant inflicted bullet wounds of a serious character to Adelio. The defendant admitted that he had fired two revolver shots at Adelio but he alleged that it was in self-defense and from his house, within his business and not in the street, according to the evidence for the prosecution.

The jury settled the conflict in the evidence and it was not bound to reject entirely the testimony of a witness for the prosecution because there was contradiction in some

details as compared with the testimony of other witnesses for the prosecution. *People* v. *Nazario*, 87 P.R.R. 122 (1963). The jury was not bound, either, because there were contradictions between the eyewitnesses for the prosecution, to disregard such evidence entirely. It was incumbent upon the jury to make its findings of fact settling the conflicts and determining which witnesses were to be believed entirely or partially. It is not proper for this Court to disturb the findings of fact made by the jury in this case. *People* v. *Iturrino de Jesús*, 90 P.R.R. 687 (1964).

■ The evidence for the prosecution in the case of carrying weapons was sufficient. It established that the defendant fired the revolver shots from the street or thoroughfare, at least outside the roadway, where some vehicles were parked. Therefore, the defendant violated § 8 of the Weapons Law and the third error was not committed.

■■ In discussing the fourth assignment, appellant argues that it was error not to admit the testimony of policeman Feliciano as to what the defendant informed or told him when the policeman arrived at the scene of the crime to practice the investigation. Such testimony was clearly inadmissible because it was not a part of the *res gestae*. The events had already occurred, the wounded man had been taken to the hospital and defendant's residence and its surroundings were invaded by a great number of persons. It was not a question of spontaneous statements contemporaneous with the occurrence of the crime. Apart therefrom, if such error had been committed, the same was harmless because the defendant upon taking the witness stand as witness for the defense, testified on all the points that were intended to be brought before the jury with the excluded testimonies. *People* v. *Andrades*, 83 P.R.R. 818 (1961). The inadmission of the testimony of defendant's wife to the effect that on one occasion she called Adelio's attention, in the absence of her husband, for having overturned the garbage can and

the former told her that he would do it whenever he pleased because garbage cans were not allowed there, and to call the Government to draw a line saying "No Parking" and that then he would not park there, was not a prejudicial error either. In the first place it was not proved that the defendant had knowledge of those specific facts, this being a necessary requirement when the defendant seeks to prove that he had reasons to believe that upon being assaulted by the victim, he was encountering a dangerous enemy, and in the second place it is not a question of specific acts of violence for which the prejudiced party had been convicted, in which case such evidence would have been admissible. *People* v. *Cruz*, 65 P.R.R. 160 (1945).

■ Error is assigned in allowing the prosecuting attorney, over the defense's objections, to examine a witness of defendant's reputation on alleged coercion displayed by said witness in front of the witnesses for the prosecution in the witnesses' room. Assuming without deciding that it was an error, the same was not prejudicial to appellant since the latter used other character witnesses and on his part the prosecuting attorney did not present evidence on defendant's bad reputation.

Whether or not the prejudiced party, Adelio, suffered a state of mental confusion while he was examined by counsel for the defense during the preliminary hearing was not pertinent, besides it having been sought to obtain therewith an opinion of the judge who presided the preliminary hearing. The defendant sought to impeach the prejudiced party, and he was permitted to do so with alleged contradictions between what was testified at the preliminary hearing and what was testified at the trial.

■ The assignment that it was an error not to allow the defendant himself to testify from the witness stand whether his constitutional rights were respected or not by the police when the latter entered his residence, examined

him, asked for information, and seized a revolver, all in the light of the doctrine established in the case of *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965), is frivolous.

While appellant was testifying in his defense, after relating that policeman Feliciano was brought to his residence by his wife, that he told the policeman what had happened, and that he delivered the revolver to him, his attorney asked him if, in the course of his conversation with Feliciano, he had legal assistance. The judge sustained the objection of the prosecuting attorney to that question. Counsel for the defense admitted that "this is not within the principles of *Rivera Escuté*, they are not technical questions, they are questions of fact." Then the counsellor added that his questions were directed to describe the circumstances in which the words were uttered. The judge acted correctly in not permitting the answer to the question concerning legal assistance, since it was irrelevant and immaterial.

■ Neither did the court commit error in refusing to permit the prejudiced party to testify on the defendant's mental state. In any event appellant accomplished the purpose pursued when the court allowed the prejudiced party to testify that he saw in the defendant a normal, docile person.

■ The fifth error is likewise untenable. The defendant did not object to the summary of the evidence made by the judge to the jury. He charged them in the sense that there was evidence that the defendant had fired his revolver from the street or highway. The judge explained then to the jury what constituted the offense of carrying weapons. Moreover, from the summary of appellant's testimony made by the judge it appears that the former alleged having fired the shots within his house.

In view of the foregoing, the judgments appealed from will be affirmed.